Filed April 25, 1885.

---

No. 11,852.

## SMITH *v.* LANE.

CONTRACT.—*Principal and Agent.—Commissions.*—The appellant and the appellee entered into a written contract on the 7th day of July, 1880, wherein the former agreed to pay the latter three per cent. commission for selling real estate; subsequently a verbal contract was made, wherein it was agreed that the appellee should enter the service of the appellant at a compensation of one dollar and twenty-five cents per day, but there was evidence showing that the written contract was not modified or abrogated; and that the compensation stipulated in the verbal contract was for managing appellant's general business.

*Held,* that the verbal contract did not necessarily supersede the original written agreement, and prevent the agent from recovering commissions for services performed under it.

From the Lake Circuit Court.

*G. Burson* and *R. L. Mattingly,* for appellant.

*J. C. Nye,* for appellee.

ELLIOTT, J.—The parties entered into a written agreement on the 7th day of July, 1880, wherein the appellant agreed to pay the appellee a commission of three per cent. for selling real estate of which she was the owner; subsequently a verbal contract was entered into between them, wherein it was agreed that the appellee should enter the service of the appellant at a compensation of one dollar and twenty-five cents per day. The witness who testified as to the verbal agreement also tes-

tified that the written contract was exhibited to him at the time the verbal agreement was stated to him by the parties; and the same witness also testified that the appellee did superintend and manage the appellant's business. Another witness testified that the appellee did transact business for Mrs. Smith, lending money, superintending the erection of buildings, the construction of ditches, and the like. Several other witnesses testified that he had conducted business with them for her, and during the course of her testimony she admitted that he did conduct such business for her. None of the witnesses, directly or indirectly, state that the written contract was ever modified or abrogated; on the contrary, the only reasonable inference from the evidence is that it was always regarded by the parties as in full force. We do not think it can be said as matter of law that the verbal contract superseded the written. Our conclusion is that the commission was intended as a compensation for specific services in selling real estate; while the agreement to pay the stipulated sum per day was intended as a compensation for services rendered in conducting and managing appellant's general business. The fact that Mr. Lane undertook to manage her general business did not deprive him of a right to the commissions earned under his written contract, for the services therein provided for were not embraced in the verbal agreement.

There is evidence supporting the verdict upon all material points, as well as to the right to recover, as to the amount of the recovery, and settled rules forbid us to disturb it.

Judgment affirmed.

